UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JOHN JUDE, JR.,
　　　　　　*Defendant-Appellant.*

No. 01-4289

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

APRIL M. CLINE,
　　　　　　*Defendant-Appellant.*

No. 01-4290

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-00-158)

Submitted: December 26, 2001

Decided: January 10, 2002

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia; Matthew A. Victor, VICTOR, VICTOR & HEL-

GOE, L.L.P., Charleston, West Virginia, for Appellants. Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Jude, Jr., was convicted, after a jury trial, of: conspiracy to distribute cocaine and oxycodone, 18 U.S.C.A. § 846 (West 1999); distribution of marijuana, 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001); distribution of oxycodone and marijuana, 21 U.S.C.A. § 841(a)(1); distribution of oxycodone, 18 U.S.C.A. § 841(a)(1); and distribution of cocaine, 18 U.S.C.A. § 841(a)(1). Jude was sentenced to terms of 188 months each for the conspiracy and three of the distribution charges, to run concurrently. He was also sentenced to sixty months on the marijuana distribution charge, to run concurrently with the 188-month sentences. April M. Cline was convicted, after a jury trial, of: conspiracy to distribute cocaine and oxycodone, 18 U.S.C.A. § 846; distribution of oxycodone and marijuana, 21 U.S.C.A. § 841(a)(1); distribution of oxycodone, 18 U.S.C.A. § 841(a)(1); and distribution of cocaine, 18 U.S.C.A. § 841(a)(1); and distribution of cocaine, 18 U.S.C.A. § 841(a)(1). Cline was sentenced to five terms of ninety-seven months, each to be served concurrently.

On appeal, Jude and Cline aver that they did not receive until the day of trial exculpatory materials relating to a federal investigation of improprieties of the West Virginia State Police Laboratory, in violation of their due process rights. *See Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). "As long as evidence is disclosed before it is too late for the defendant to make effective use of it, there is no due process violation." *United States v. Russell*, 971 F.2d 1098, 1112 (4th Cir. 1992). Defense counsel were

granted an opportunity to review the material, and there is no indication that earlier production would have been of measurable benefit. Accordingly, we find no violation resulting from the delivery of the documents on the day of trial.

Defense counsel moved the admission of documents provided by the Government relating to the investigation of the West Virginia State Police Laboratory. With the exception of approximately a page of interrogation notes prepared by the FBI relating to general conditions at the facility, the district court found the material inadmissible because it was not relevant. None of the excluded evidence was directly related to the drug evidence introduced by the government. Our review discloses no abuse of discretion by the district court in its finding that the proffered materials were not relevant. *Russell*, 971 F.2d at 1104.

Cline's ninety-seven month sentence as a result of her single conspiracy count and four distribution counts and Jude's 188 month sentence as a result of his single conspiracy conviction and four distribution convictions do not offend *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Promise*, 255 F.3d 150, 156 n.5 (4th Cir. 2001); *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001).

Cline and Jude appeal the application of enhancements for use of a deadly weapon pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000), and use of a minor pursuant to USSG § 3B1.4. Our review does not disclose that the district court erred in the application of the enhancement for use of a minor. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We also find that the district court did not err in finding it was not clearly improbable that the weapons were connected to the offense. *See United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). Jude also appeals the enhancement of his sentence for obstruction of justice, USSG § 3C1.1. We find no error in the district court's application of this enhancement based on Jude's ex-wife's testimony that Jude threatened her and her children.

Cline's and Jude's convictions and sentences are accordingly affirmed. We dispense with oral argument because the facts and legal

contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*